**IN THE UNITED STATES DISTRICT COURT**
**FOR WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **PATRICIA MAGUREGUI** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **No.: 3:16-CV-00121-PRM** |
| | § | |
| **ADP, LLC a/k/a ADP, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S MARCH 30, 2017 SUPPLEMENTAL**
**DISCLOSURES AND MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S TRIAL**
**WITNESSES**

Defendant ADP, LLC ("Defendant") objects to Plaintiff's Supplemental Disclosure, *ECF* 41, and moves to strike two witnesses that Plaintiff disclosed days ago: Laura Corral and Keota Maryune, in addition to witness Susanna Galindo.[1]

**I.     Introduction**

Plaintiff claims that she was subjected to a hostile environment based on her disability, primarily by her supervisor, Sandra Amaya. Specifically, based on her own testimony, Plaintiff claims the harassing conduct was Amaya calling her while she was on a leave of absence to have her return to work, Amaya questioning her about a string of absences after she returned to work in January 2014, and being messaged by out-of-town work schedulers about why there were periods of time (again after she returned to work in January 2014) when she was not actively responding or handling customer calls. *See ECF* 12, pp. 3-6 (Def.'s Motion for Summ. J.).

---

[1] Defendant has addressed improprieties regarding Susanna Galindo previously in its Trial Brief. *See ECF* 39.

1

1415134v.1 16076/01200

This case was originally set for trial on March 6, 2017, and the parties announced ready for trial at a hearing on the preceding Friday, March 3, 2017. At that time, Judge Montalvo, who was the judge presiding over the case, recused himself, and the case was reassigned to this Court. After conferring with the parties, this Court set the case for trial on April 10, 2017.

With only 11 days before trial, Plaintiff (for the first time) identified Corral and Maryune as witnesses that she intended to call at trial. Plaintiff did not previously identify either person in her Trial Witness List when the case was originally set for trial on March 6, 2017. In addition to identifying Corral and Maryune as witnesses in this new filing, Plaintiff significantly changes the description of their knowledge from previous disclosures, and also significantly changes the description of Galindo's knowledge. The Court should not countenance Plaintiff's last minute efforts to identify witnesses and last minute corrections to their alleged knowledge, to Defendant's prejudice. Accordingly, the Court should preclude all three witnesses from testifying.

## II.     Plaintiff Must Timely Disclose Her Witnesses

Two rules require Plaintiff to identify testifying witnesses in a timely manner: Rule 26 of the Federal Rules of Civil Procedure and Local Rule 16(e). Rule 26 requires parties to identify potential witnesses at the outset of litigation so that the opposing party can determine whether to depose those witnesses in preparation for trial. *See* Fed. R. Civ. P. 26, 1993 advisory committee note ("As officers of the court, counsel are expected to disclose the identity of those persons who, if their potential testimony were known, might reasonably be expected to be deposed or called as a witness by any of the other parties."); *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) (noting that purpose of disclosures is to allow the opposing party to

determine to depose certain witness "or at least consider which witnesses were worth deposing—and to prepare to question them at trial").

Local Rule 16(e) also requires that parties disclose testifying witnesses "at least 14 days before the scheduled date for trial [or] jury selection . . . whichever is first." Local Rule CV-16(e), (5). This rule allows the parties (and the Court) to know the witnesses each party will call at trial.

### III.    Plaintiff Did Not Timely Disclose Corral or Maryune and They Should Not Be Allowed To Testify

Plaintiff failed to comply with Rule 26 or the Court's Local Rules. She filed this case on October 29, 2015, but she did not disclose either Corral or Maryune in her initial disclosures (served May 6, 2016) or first amended disclosures (served June 18, 2016). Plaintiff still did not disclose either witness until September 28, 2016—6 days before the end of the discovery period. *ECF* 8, p. 2 (Plaintiff's designation of potential witnesses); *ECF* 4 (Scheduling Order setting discovery deadline of October 4, 2016).

Plaintiff first disclosed Corral and Maryune on September 28 because both witnesses were discussed in Plaintiff's deposition that occurred on September 26. In her deposition, Plaintiff did not testify that either witness had any knowledge of Plaintiff's allegations or alleged harassment of Plaintiff. Instead, she vaguely claimed that Sandra Amaya (the supervisor that Plaintiff claims harassed her based on her disability) also "harassed" Corral and Maryune.

For Corral, Plaintiff claimed that Amaya harassed Corral because Corral needed time off to accommodate her religious beliefs. *See* Pl.'s Dep. 64:16-65:10, attached as Exhibit A. Plaintiff

testified that she learned of the alleged harassment when Corral told Plaintiff about it.[2] *Exh. A* (Pl.'s Dep. 66:9-67:11). Other than hearsay testimony from Ms. Corral, Plaintiff did not disclose that Corral had any relevant knowledge about Plaintiff's allegations.

Plaintiff's testimony regarding Maryune was even more vague. The entirety of the relevant testimony is as follows:

Q: Anyone other than Laura Corral that you claim Sandra [Amaya] harassed?

A: I know she would – there was a lot of issues in our team so –

Q: That's not my question. You said there were other employees. I'm asking you who they are.

A: Kyota. I can't remember her last name.

Q: What was her issue with Kyota?

A: I don't recall.

*Exh. A* (Pl.'s Dep. 67:12-20).

Based on that deposition testimony, Plaintiff amended her disclosures to identify Corral and Maryune as potential witnesses. Again, she did so only 6 days before the end of the discovery period, and she did not provide any specifics about their purported knowledge as she is required to do under Rule 26. *See* Fed. R. Civ. P. 26(a)(1)(A)(i) (stating that a party must disclose the name, address, and telephone number of witnesses with "discoverable information— along with the subjects of that information…"). Instead, she represented their purported knowledge only as follows:

Defendant's former employee, Kiota, whose contact information needs to be provided by

---

[2] Yet, Plaintiff did not disclose Corral as a potential witness until 6 days before the discovery deadline.

> Defendant, Defendant's former employee *who has factual knowledge of the present case*.

> Defendant's former employee, Laura Corral, whose contact information needs to be provided by Defendant, Defendant's former employee *who has factual knowledge of the present case*.

*See* Pl.'s Am. Disclosures (served Sept. 29, 2016), attached as Exhibit B (emphasis added); *see also ECF* 8, p. 2 (Pl.'s Proposed Fact Witness List) (same). Nothing about these descriptions or Plaintiff's testimony about these witnesses led Defendant to believe that they should be deposed, as there was no indication that they had any knowledge related to Plaintiff's allegations in this lawsuit.

Similarly, Plaintiff's initial disclosures with respect to the knowledge of Galindo indicated she "will provide factual background to her own experience working for Sandra Amaya and how it relates to Plaintiff's experience regarding the same, and Plaintiff's claims against Defendant." *See ECF* 39, p. 1. Again, coupling this description with Plaintiff's testimony that Galindo's knowledge was related to Amaya being upset at Galindo because she did not say hello in the morning (and the fact that Galindo's employment ended a year before Plaintiff resigned), *id.* p. 2, Defendant had no reason to believe Galindo needed to be deposed, as there was nothing suggesting she was a witness to or had any personal knowledge of any treatment towards Plaintiff that Plaintiff claims was hostile and based on her disability. Now, however, Plaintiff no longer claims Galindo will only testify about "her *own experience* working for Sandra Amaya and how it relates to Plaintiff's experience." She claims, as of March 30, that Galindo now has personal knowledge of "Plaintiff's claims against Defendant" and the alleged "disability based harassment [Plaintiff allegedly] suffered," *ECF* 41, p. 2—something Plaintiff did not disclose earlier.

Moreover, whatever "factual knowledge of the present case" that Corral and Maryune supposedly have was not sufficient for Plaintiff to identify them on her Final Witness List in accordance with Judge Montalvo's requirements. Judge Montalvo ordered the parties to submit their final witness lists by February 24, 2017. *See ECF* 4 (citing Local Rule CV-16(e)). Plaintiff did *not* identify either Corral or Maryune as witnesses that she would call at trial. *See ECF* 22, p. 10. Plaintiff still did not identify Corral or Maryune as witnesses within 14 days of the new trial date as required. *See* Local Rule CV-16(e). Instead, she listed Corral and Maryune as witnesses for the first time only 11 days before trial (apparently in response to Defendant's Trial Brief in which Defendant challenged the propriety of Galindo as a witness). *ECF* 41, p. 1 n.1; p. 3.

The Court should strike all 3 witnesses and not permit Plaintiff to call these witnesses at trial when she did not timely disclose them (or their alleged knowledge) during the discovery period. Plaintiff's gamesmanship of providing cursory descriptions in pretrial disclosures of the witnesses' alleged testimony and not indicating any personal knowledge related to Plaintiff's claims – and then, days before trial, attempting to significantly expand those descriptions to now claim the witnesses have some sort of personal knowledge related to Plaintiff's allegations, *see ECF* 41 – should  not be rewarded. Defendant, who chose not to depose these three witnesses because there was no indication that they had any personal knowledge related to Plaintiff's claims, is now without the opportunity to depose these witnesses or prepare for their testimony at trial. Indeed, the fact that Plaintiff had to amend her disclosures on the eve of trial to change and expand her description of the witnesses' alleged knowledge is an admission that her original descriptions wholly failed to comply with Rule 26 or the Court's Local Rules.

Accordingly, for these reasons, Defendant objects to Plaintiff's supplemental witness

disclosures and asks the Court to exclude the testimony of Corral, Maryune, and Galindo to prevent unfair surprise and prejudice to Defendant, all caused by Plaintiff's failure to properly or timely disclose them.

## IV.   Corral and Maryune (and Galindo) Do Not Have Any Relevant Knowledge

In addition to being untimely, these witnesses do not have any relevant knowledge. When Plaintiff finally disclosed Corral and Maryune, Plaintiff significantly expanded the description of their proposed testimony. As discussed, Plaintiff originally stated that each witness only had "factual knowledge of the present case."

Plaintiff now claims Maryune worked alongside Plaintiff, knows about her employment, and has knowledge regarding Plaintiff's termination. *See ECF* 41, p. 3 (stating that Maryune "was employed alongside Plaintiff," has "factual knowledge [of] Plaintiff's employment," and "was witness to the factual background of Plaintiff's claim from employment to separation and thus has personal knowledge of Plaintiff's experience with Defendant."). This description of Maryune's testimony is false. Maryune was terminated in September 2012, over 16 months before Plaintiff resigned. Moreover, as noted in the Joint Stipulation of Facts, Plaintiff was on her first extended leave of absence from May 2012 through January 2013, *ECF* 38, p. 1, ¶ 2, during which time Maryune's employment ended (September 2012). Maryune simply could not have personal knowledge of any treatment towards Plaintiff, after Plaintiff was diagnosed with cancer while on her initial leave, because she never worked alongside Plaintiff after that time.

Consequently, the Court should strike Maryune as a witness because she cannot have any relevant knowledge of Plaintiff's claim that she was harassed based on her disability.

The same is true for Corral. Like she did for Maryune, Plaintiff initially claimed Corral

1415134v.1 16076/01200

only had "factual knowledge of the present claim," but now claims Corral was a witness to the "factual background of Plaintiff's claims of harassment . . . ." *ECF* 41, p. 3. However, Plaintiff does not claim Corral witnessed any alleged harassment. And any such claim would be highly suspect – because Corral's employment ended in September 2013, several months before Plaintiff resigned. Corral could not have any personal knowledge regarding the conditions of Plaintiff's employment after September 2013, including the alleged events that occurred in January and February 2014 after Plaintiff returned to work and which are the crux of her hostile environment claim.

When stripped of the possibility that Corral, Maryune and Galindo have actual knowledge of Plaintiff's alleged harassment, the reason for their testimony becomes clear – Plaintiff wants them to testify about their own personal dealings with Amaya (as Plaintiff acknowledged in her original description of Galindo's knowledge) and their own issues with ADP. Corral claimed religious discrimination, and Maryune made allegations of race discrimination. According to Plaintiff, both witnesses (along with Galindo, *see ECF* 39, pp. 2-3) claim to have had issues with Amaya.

Whatever issues *they* had with Amaya, however, are irrelevant to this case. Neither claimed Amaya harassed them based on a disability so neither is similarly situated to Plaintiff. Plaintiff simply wants to have the jury hear that Amaya allegedly discriminated against Corral based on her religion and against Maryune based on her race, so she must have done the same to Plaintiff (but based on disability). But that is improper character evidence. *See* Fed. R. Evid. 404(a, b); *see also McCue v. State of Kan. Dep't of Hum. Serv's,* 165 F.3d 784, 790 (10th Cir. 1999) (the court did not allow plaintiff to introduce evidence that a supervisor had allegedly

8

sexually harassed another co-worker because the evidence imputed the inference that the supervisor had the propensity to discriminate on the basis of sex, which was prohibited by Fed. R. Evid. 404(b)).

**V.    Conclusion**

The Court should only permit Plaintiff to call witnesses who have personal knowledge of the alleged harassment in this case and who were timely disclosed. Because Corral and Maryune do not (and cannot have that knowledge), and because they were untimely disclosed 11 days before trial, the Court should strike them. And for the reasons outlined in Defendant's Trial Brief, the Court should also strike Galindo. *See ECF* 39.

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas  79999-2800
(915) 533-4424
(915) 546-5360  (FAX)

By:____*/s/ Clara B. Burns*_____
CLARA B. BURNS
State Bar No. 03443600
Clara.Burns@kempsmith.com
JOSE A. HOWARD-GONZALEZ
State Bar No. 24067670
Abe.Gonzalez@kempsmith.com

Attorneys for Defendant

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 5, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Soraya Yanar Hanshew, The Hanshew Law Firm, PLLC, 632 Moondale Drive, El Paso, Texas 79912 and Felix Valenzuela, Valenzuela Law Firm, 221 N. Kansas, Suite 1200, El Paso, Texas 79901.

*/s/  Jose A. Howard-Gonzalez*
JOSE A. HOWARD-GONZALEZ

1415134v.1 16076/01200